UNITED STATES of America, in its own right and for and on Behalf of the ACOMA AND LAGUNA INDIAN PUEBLOS

v.

BLUEWATER–TOLTEC IRRIGATION DISTRICT, et al.

Civ. No. 82–1466 BB.

United States District Court,
D. New Mexico.

Feb. 7, 1983.

See also, D.C., 580 F.Supp. 1434.

William L. Lutz, U.S. Atty., Herbert A. Becker, Asst. U.S. Atty., Albuquerque, N.M., for plaintiff.

William J. Darling, Eaves, Darling & Anderson, Albuquerque, N.M., for defendants.

MEMORANDUM OPINION AND ORDER

BALDOCK, District Judge.

THIS MATTER comes on for consideration of defendant Atkinson Trading Co., Inc.'s Motion to Dismiss. The court, having reviewed the accompanying memoranda submitted by the parties (document nos. 999, 1253 and 1259), the relevant law and otherwise being advised fully in the premises, finds that the motion is well taken and should be granted.

This involved water litigation began on December 22, 1982, with the filing of the complaint by the United States in its own right and on behalf of the Acoma and Laguna Indian Pueblos. Some 1,388 defendants were named in the original complaint;

more were added subsequently. One of these defendants, Atkinson Trading Co., now attacks the sufficiency of process and moves to dismiss because the summons and complaint were served by mail under current rule 4(c)(2)(C)(ii), F.R.Civ.P., before the plaintiff properly could serve by mail.

 There are at least two purposes of service: 1) to inform the defendant of the plaintiff's claim and 2) to obtain personal jurisdiction over the defendant. Rule 12(b)(4), F.R.Civ.P., provides that insufficiency of process may be raised as a defense to a complaint, either in the answer or by motion. Even where there is insufficiency of process, however, a party may submit to the jurisdiction of the court. *McDonald v. Mabee,* 243 U.S. 90, 91, 37 S.Ct. 343, 61 L.Ed. 60 (1917). Failure to make a timely objection to lack of personal jurisdiction due to insufficiency of process and defending on the merits constitutes a waiver of the jurisdictional defense. *Alger v. Hayes,* 452 F.2d 841 (8th Cir.1972). A defense of insufficiency of process normally must be made in the first responsive pleading whether that pleading be an answer or motion. F.R.Civ.P. 12(g) and (h)(1).

The narrow issue before the court is whether the plaintiff properly could serve this defendant by mail, given the effective date of the amendment of the Federal Rules of Civil Procedure allowing service by mail. The United States Supreme Court initially had proposed amendments to Rule 4 allowing for service by mail. H.R.Doc. No. 173, 97th Cong., 2d Sess., *reprinted in* 96 F.R.D. 81, 123 (1983). These amendments would have been effective from August 1, 1982. *Id.* Congress delayed the effective date to October 1, 1983, Federal Rules of Civil Procedure, Amendments, Delay, P.L. 97–227, 96 Stat. 246 (1982), given the criticism that the Supreme Court's proposed amendments received. *See* H.R.Rep. No. 662, 97th Cong.2d Sess. 1, *reprinted in* 1982 U.S.Code Cong. & Admin.News 595.

Meanwhile, the Congress decided on its own set of amendments to Rule 4 and these amendments became law on January 12, 1983. Federal Rules of Civil Procedure Amendment Act of 1982, P.L. 97–462, 96 Stat. 2527 (1983). The provision for service by mail, F.R.Civ.P. 4(c)(2)(C)(ii), on which the plaintiff relies, was included in these amendments. These amendments were not effective until 45 days after enactment, or on February 26, 1983. Amendments Act, § 4, P.L. 97–462, 96 Stat. 2527, 2530 (1983). Congress also provided that the Supreme Court's amendments would not take affect. *Id.*

At first blush, it appears that the plaintiff was entitled to serve the summons and complaint by mail. The process receipt and return of service (document no. 658) indicate that the summons and complaint were mailed on March 19, 1983, and received by the defendant on March 29, 1983, well after February 26, 1983, or when the service by mail amendment to Rule 4 was effective. It appears that the plaintiff could serve by mail.

But the plaintiff was not entitled to serve by mail because the summons in question was *issued* on December 22, 1982, although not served until March 19, 1983. The congressional report on H.R. 7154 (the amendments enacted) says:

> Section 4 of the bill provides that the changes in Rule 4 made by H.R. 7154 will take effect 45 days after enactment, thereby giving the bench and the bar, as well as other interested persons and organizations (such as the Marshals Service), an opportunity to prepare and implement the changes made by the legislation. The delayed effective date means that service of process issued before the effective date will be made in accordance with current Rule 4. Accordingly, all process in the hands of the Marshals Service prior to the effective date will be served by the Marshals Service under the present rule.

128 Cong.Rec. H 9848 (1982) *reprinted in* 1982 U.S.Code Cong. & Admin.News 4434 at 4446–47 (report submitted by Rep. Edwards). Not only was the summons in this case issued before the effective date of the amendments, it was also in the hands of the Marshals Service prior to the effective date of the amendments. It should have been

served in accordance with the old version of Rule 4.

 The date that the summons was issued, not the date it was actually served, controls in determining whether the old or new version of Rule 4 applies. The amendment permitting service by mail applied to summonses issued on or after February 26, 1983, the day service by mail became permissible. The summons in this case was issued on December 22, 1982, and was placed in the hands of the Marshals Service the next day, December 23, 1982. In view of the above, this summons should have been served according to Rule 4 prior to amendment by P.L. 97–462. Rule 4 prior to the amendment by P.L. 97–462 did not contain a general allowance for service by mail. Therefore, service of process by mail on the defendant was not sufficient.

Resort to legislative history is appropriate in applying the effective date of the Rule 4 amendments to this case. The court is hesitant to review legislative history when the statute is clear. This statute, 96 Stat. 2527, 2530 § 4, however, does not address whether service by mail in accordance with F.R.Civ.P. 4(c)(2)(C)(ii) would be available for summonses issued before the new provision became effective. That litigants, like the plaintiff, might file suit and then wait until F.R.Civ.P. 4(c)(2)(C)(ii) became effective so as to serve by mail was certainly not unforseeable. *See* D. Siegel, Practice Commentary on Amendment of Federal Rule 4 (Eff. February 26, 1983) With Special Statute of Limitations Precautions, 96 F.R.D. 88 at 92–94 (1983). The likelihood of the above possibility and the clarity of the legislative history convinces the court that reliance on legislative history is appropriate.

One district court has reached a different conclusion. Without extended discussion, the court in *Chronister v. Sam Tanksley Trucking, Inc.*, 569 F.Supp. 464, 469 (N.D. Ill.1983), in dicta, concluded that a summons apparently issued February 22, 1983, could be served by mail on March 27, 1983, and fall under the new rule because in that court's view, the service of process date controls, 569 F.Supp. at 469.

The *Chronister* court did not consider the legislative history and seems to have been under the mistaken impression that the Supreme Court's Rule 4 amendments were effective prior to February 26, 1983. *See* 569 F.Supp. at 469, n. 8. Moreover, the court quashed service for failure to comply with the amended Rule 4.

In *Prather v. Raymond Construction Co.*, 570 F.Supp. 278, 280–81 (N.D.Ga.1983) the court concluded that process issuing on or after May 6, 1983, would fall under the terms of the new Rule ·4, even though process had been served on the wrong defendant on February 25, 1983. This case is distinguishable because both the process and service by mail occurred after the amended Rule 4 had taken affect.

Neither of the above two cases resolve the case before the court. Rather, based on a review of the legislative history, the court concludes that the plaintiff was not entitled to serve this defendant by mail because Rule 4(c)(2)(C)(ii) was unavailable for service of process issued in December of 1982.

WHEREFORE,

IT IS ORDERED that defendant's Motion to Dismiss be, and hereby is, granted.

IT IS FURTHER ORDERED that this case is dismissed against defendant Atkinson Trading Co., Inc.