Herman E. and Janet E. WILLIAMS

v.

GENERAL SERVICES ADMINISTRA-
TION, U.S. Department of Labor, De-
partment of the Navy, United States
Marine Corps, and Philadelphia Naval
Shipyard.

Civ. A. No. 83–5246.

United States District Court,
E.D. Pennsylvania.

Jan. 30, 1984.

Herman E. and Janet E. Williams, pro se.

Robert N. Kelly, Torts Branch, Civ. Div.,
U.S. Dept. of Justice, Washington, D.C.,
Joan K. Garner, Asst. U.S. Atty., Philadel-
phia, Pa., for defendants.

## MEMORANDUM OPINION
AND ORDER

VanARTSDALEN, District Judge.

Plaintiffs' pro se complaint avers that
plaintiff husband "sustained an occupation-
al disease known as asbestosis which was
sustained from working in contact with
asbestos material in areas of the [named
defendants]." There also appears to be a
loss of consortium claim made on behalf of
plaintiff wife. The named defendants are
the "General Services Administration, U.S.
Dept. of Labor, Dept. of the Navy, United
States Marine Corps and Philadelphia Na-
val Shipyard." The crux of plaintiffs' com-
plaint is that he has sustained partial loss
of the use of his lungs thus disabling him
from performing his duties at the shipyard
and at home. Presently before the court
are plaintiffs' motion for a default judg-

ment and defendants' alternative motion to dismiss or for summary judgment.

■ Plaintiffs, on or about January 6, 1984, caused a letter and an untitled pleading to be delivered to my chambers. Basically, plaintiffs request a judgment by default against all five defendants. The pleading was filed January 26, 1984 and will be treated as a motion for default judgment. On January 9, 1984 defendants, through their counsel, the United States Attorney's Office, filed their alternative motion to dismiss or for summary judgment. Plaintiffs' complaint was filed on October 31, 1983. Under Rule 12 of the Federal Rules of Civil Procedure, the defendants, all agencies of the United States, have sixty (60) days after service to file an answer. Thus, even if the complaint was properly and immediately served, filing defendants' motion would be no more than ten (10) days late. Plaintiffs' motion for default must be denied. I do not perceive any possible way in which a ten-day delay (if there even was a delay) could have prejudiced the plaintiffs. More importantly, Rule 55(e) of the Federal Rules of Civil Procedure provides that "[n]o judgment by default shall be entered against the United States or any officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Plaintiffs have not met this burden. Defendants' motion for summary judgment, on the other hand, will be granted.

Defendants' alternative motion contains various arguments in support of dismissal or summary judgment. Defendants contend that (1) the complaint fails to state a jurisdictional basis for waiver of sovereign immunity supporting a civil suit against the United States or the captioned agencies in federal court; (2) there was improper service of process under the federal rules; (3) plaintiffs' exclusive remedy against the United States lies under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101–8193; and (4) plaintiffs have not met the statutory jurisdictional prerequisite for a suit under the Federal Tort Claims Act (FICA), 28 U.S.C. §§ 1346(b), 2671 et seq.

■ As to defendants' argument that the complaint fails to allege jurisdiction or waiver of sovereign immunity, the fact that plaintiffs' filed the complaint pro se militates against dismissal on those grounds. In *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam), the Supreme Court held that pro se pleadings were not to be held to the same standards as those drafted by counsel. While *Haines* cannot obviously cure every defect in a pro se complaint, I have chosen to overlook these defects in order to address defendants' other contentions.

■ Likewise, as to the argument that plaintiffs clearly have not met all the requirements of Rule 4 for service of process, I will not grant dismissal on those grounds. The authors of the treatise on *Federal Practice and Procedure* have stated:

> The general attitude of the federal courts is that the provisions of Rule 4 should be liberally construed in the interest of doing substantial justice and that the propriety of service in each case should turn on its own facts within the limits of the flexibility provided by the rule itself. *This is consistent with the modern conception of service of process as primarily a notice-giving device.* In addition, the avoidance of dismissals for improper service has the desirable objective of promoting trials and the disposition of cases on their merits.

4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1083 (1969) (emphasis added) (footnotes omitted). While plaintiffs did not deliver service upon the United States Attorney in the Eastern District of Pennsylvania or mail a copy to the Attorney General as required by Rule 4(d)(4), they did send a copy by registered mail to the proper agencies. In addition, I personally sent Alexander Ewing, Esq., Chief, Civil Division, United States Attorney's Office in the Eastern District of Pennsylva-

**444**

nia, a letter on December 2, 1983, notifying him of the case. In light of these facts, I have determined sufficient notice was given to preclude a dismissal for lack of proper service of process. I have, therefore, determined that dismissal is not warranted and that this court has jurisdiction to consider defendants' motion for summary judgment. In any event, such would only require proper service of process being perfected.

◼ The defendants' argument that plaintiffs' claims are barred by FECA is, however, dispositive. Section 8102 of the Act provides in relevant part that "[t]he United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102. Plaintiffs have admitted that plaintiff husband contracted asbestosis while in the performance of his duties as a federal employee.

Section 8173 of the Act provides in relevant part that:

[The liability of the United States] is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States ... because of the disability or death in a direct judicial proceeding, in a civil action ... or under a Federal tort liability statute.

5 U.S.C. § 8173.

Those courts that have had the opportunity to interpret and apply FECA have uniformly held it to be the exclusive remedy available to those persons enumerated in section 8173. In a recent Supreme Court case considering FECA in a slightly different context, the Court stated:

[FECA] was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise—the "quid pro quo"—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the government. *Lockheed Aircraft Corp. v. United States,* — U.S. —, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983).

Attached to the Government's dismissal/summary judgment motion is the affidavit of Alonza E. Hart, Jr., Assistant Deputy Commissioner for Federal Employees Compensation Programs in Region III, U.S. Department of Labor. As such, he is custodian of the FECA file on the plaintiff, Herman E. Williams. Mr. Hart represents that Mr. Williams filed a claim for asbestosis on October 31, 1980, docketed as Federal Employees Compensation Claim No. A3–65994. The claim alleged Mr. Williams had developed the disease as a result of his employment at the Philadelphia Naval Shipyard. On August 3, 1982, Mr. Williams' claim was approved for the payment of medical benefits for the condition of pleural thickening secondary to asbestos exposure. A schedule award for permanent lung damage and compensation for disability was denied on October 15, 1982. Plaintiff husband requested a hearing. The hearing was held February 15, 1983, at which time Mr. Williams was represented by counsel. The hearing representative affirmed the prior denials in a decision dated October 4, 1983. Mr. Williams has been reimbursed $553.10 for medical expenses and additional bills are payable upon receipt. Plaintiff husband is also free to develop additional medical evidence relating to his condition and extent of his disability.

This uncontested affidavit is sufficient to establish that plaintiff husband has indeed sought redress under FECA. Under the applicable statutory and case law FECA represents plaintiffs' exclusive remedy.[1]

---

1. Because FECA represents plaintiffs' sole remedy, there is no need to address the argument

Defendants' alternative motion will be treated as a motion for summary judgment in accordance with Rule 56 because I have considered Mr. Hart's affidavit. The motion for summary judgment will be granted.

that the plaintiffs did not comply with the strict

FTCA requirements.