Garry DONAGHY and Joan Donaghy, his wife, Plaintiffs,

v.

Richard L. ROUDEBUSH, as Administrator of Veteran's Affairs, an Officer of the United States of America, Ray W. Reichenbach, Assistant Loan Guaranty Officer, his Attorney in Fact, Donald J. Volkert, Jr., Assistant United States Attorney, Chief, Civil Division, Philip P. Caruso, Loan Guaranty Officer, Midlantic National Bank and Broad National Bank, Defendants.

Civ. No. 82–3597.

United States District Court, D. New Jersey.

Feb. 15, 1985.

Fred S. Dubowsky, Melody Moskowitz, Edison, N.J., for plaintiffs.

W. Hunt Dumont, U.S. Atty. by William S. Halsch, Asst. U.S. Atty., Newark, N.J., for Government defendants.

Donald M. Karp, Newark, N.J., for defendant Broad Nat. Bank.

## OPINION

BISSELL, District Judge.

On October 27, 1982 plaintiffs Garry and Joan Donaghy filed a Complaint seeking to clear the title to certain property and to recover damages. Named as defendants are the United States of America, through its agency the Veterans Administration, certain administrators and employees of the Veterans Administration, an Assistant United States Attorney, Midlantic National Bank, and Broad National Bank. Jurisdiction of this Court is predicated upon 5 U.S.C. §§ 702 and 703, as well as 28 U.S.C. §§ 2002, 2409a(a) and (c), and 1346(c) and (f).

The matter is presently before the Court on plaintiffs' motion to amend the Complaint and defendants' motion to dismiss the Complaint, or, in the alternative, for summary judgment. The facts of this case are not in dispute. In 1971 the Veterans Administration conveyed the property at 16 Duclos Lane, Edison, New Jersey to Rocco and Loretta Flammia. When the Flammias defaulted on their mortgage payments owed to the V.A. the matter was referred to the United States Attorney's Office with instructions to pursue foreclosure. On March 21, 1974 the United States filed a Complaint in the United States District Court to foreclose the mortgage. After that Complaint was filed, title searches disclosed the liens of defendants Midlantic National Bank ("MNB") and Broad National Bank ("BNB"). Paragraph 3 of the present Complaint describes those liens as follows:

3. The defendant, Midlantic National Bank, is named by virtue of Judgment DJ–576–73, recovered against Rocco and Loretta Flammia, and recorded in Superior Court of New Jersey on September 13th, 1973, in the sum of $2,076.46.... [A]nd the defendant, Broad National Bank, is named by virtue of the following:

(a) Judgment J–11, 843–72, Superior Court of New Jersey, entered on August 14, 1973, in the sum of $25,087.93, against Loretta R. Flammia and others,

(b) A mortgage dated August 27th, 1971, given this defendant by Rocco and Loretta Flammia, in the sum of $7,800.00, recorded September 1st, 1971, in Book 2230, in page 205 of the Middlesex County Clerk's Office, Book of Mortgages, and

(c) A mortgage dated June 10th, 1972, given this defendant by Rocco and Loretta Flammia, in the sum of $22,815.00, recorded on June 14th, 1972, in Book 2261, page 1138, Middlesex County Clerk's Office, Book of Mortgages.....

On June 10, 1974 an order was entered permitting an amendment to the foreclosure complaint naming these additional defendants. Subsequently, both banks were served by the United States Marshal and both defaulted. On November 4, 1974 a motion for default and summary judgment was filed. Judgment was granted and entered on November 21, 1974. The

judgment specifically names MNB and BNB, and orders and adjudges that the named defendants "stand absolutely debarred and foreclosed of any and all equity and redemption of, in and to so much of the said mortgaged premises as shall be sold as aforesaid under this judgment."

Pursuant to that judgment a writ of execution was entered on December 31, 1974 naming all of the defendants in the original Complaint, but failing to list MNB and BNB. A Marshal's Sale was held on February 20, 1975, at which the V.A. was the successful bidder. A Marshal's Deed was recorded on March 14, 1975 in Book 2884 of Deeds of Middlesex County. That deed failed to name defendants MNB and BNB.

The V.A. subsequently conveyed the property by warranty deed to plaintiffs herein on June 23, 1975 and recorded the deed on July 1, 1975 in Book 2895 of Deeds of Middlesex County, subject to a purchase money mortgage of $17,000 to be held by the V.A. In April 1981 plaintiffs applied for another mortgage through the V.A. from Money America, Inc. A title search conducted by Berks Title Company revealed the existence of outstanding liens held by BNB and MNB. Plaintiffs, after unsuccessful attempts to get the V.A. to defend or clear their title, filed suit.

The Court first addresses plaintiffs' motion to amend the Complaint under *Fed.R. Civ.P.* 15(a). The basic reason for this amendment appears to be in order to properly designate the United States as a defendant. Since there is no opposition to the wording of the Amended Complaint, the Court will grant plaintiffs' motion to amend.

■ The Court now turns its attention to defendants' motion to dismiss. Defendants seek to dismiss for plaintiffs' failure to serve the summons and Complaint upon defendants within 120 days of filing of the Complaint, pursuant to *Fed.R.Civ.P.* 4(j). Defendants argue that the action was filed on October 27, 1982 and service was not attempted until August 5, 1983, well beyond the 120-day limit. However, defendants fail to mention that Rule 4(j) did not

become effective until February 26, 1983, four months after plaintiffs filed their Complaint. This Court will not dismiss plaintiffs' Complaint for failure to comply with a rule which was not in existence at the time plaintiffs commenced this action. *See United States v. Bluewater-Toltec Irrigation District*, 100 F.R.D. 687 (D.N.M. 1983) (holding that the date that the summons was issued, not the date it was actually served, controls in determining whether the old or new version of Rule 4 applies). Accordingly, defendants' motion to dismiss for failure to comply with *Fed.R.Civ.P.* 4(j) is denied.

■ Defendants next seek to dismiss the Complaint for failure to serve the defendants properly under *Fed.R.Civ.P.* 4(d)(4) and (5). Defendants contend that neither the United States Attorney nor the Attorney General have been served with a copy of the summons and Complaint. Plaintiffs contend, although without documentary evidence, that the United States Attorney was served on August 5, 1983. Regardless of who is correct, the Court finds that any error in service would be harmless error. The necessary persons within the Government had actual notice of the suit and suffered no prejudice from any technical defect in service. *Jordan v. United States*, 694 F.2d 833 (D.C.Cir.1982).

■ Finally, the defendants contend that plaintiffs have failed to state a legitimate claim against the federal defendants and, accordingly, their action should either be dismissed or summarily decided against them. Defendants contend that the liens plaintiffs complain of were properly foreclosed and that plaintiffs were provided with marketable and insurable title. They contend that all necessary procedural steps were taken for the purpose of joining, serving, and foreclosing the rights of MNB and BNB, which were, in any case, junior to the mortgage foreclosed. Plaintiffs answer that the defects in the Flammia foreclosure action, namely the failure of the *lis pendens*, writ of execution, advertisement of the terms and conditions of the sale, and,

most importantly, the Marshal's Deed, to include MNB and BNB as defendants created a cloud on plaintiffs' title which renders it uninsurable and thus unmarketable.

"Title is not rendered unmarketable by an alleged defect which is not reasonably debatable or by the threat of litigation which has no rational justification." *Gaub v. Nassau Homes, Inc.*, 53 N.J.Super. 209, 223, 147 A.2d 73 (App.Div.1958); *Javna v. D.J. Fredericks, Inc.*, 41 N.J.Super. 353, 357; 125 A.2d 227 (App.Div.1956); *United States v. Roebling*, 244 F.Supp. 736, 740 (D.N.J.1965). Any title challenge "must have some substance"; it cannot be based on "remote hypothetical or unfounded doubts ..." *Gaub, supra*, 53 N.J.Super., at 223, 147 A.2d 73. The Court finds that plaintiffs have failed to prove that their title is unmarketable or that BNB is going to foreclose on their property. While it is undisputed that there technically remain prior liens of record against the subject property, this does not necessarily lead to the conclusion that the title is unmarketable. Those liens of MNB and BNB were effectively foreclosed and removed from the property by the judgment of November 21, 1974. Failure to include those defendants in later papers did not revive the liens in question. Significantly, both banks are defendants in the present action and neither has responded to these motions despite having been properly served with copies of the Complaint and moving papers.

Furthermore, in a letter dated February 2, 1982 from John J. Hibbits of Markland Title Services, Inc. to Donald J. Volkert, Assistant United States Attorney (*see* Plaintiffs' Brief, Exhibit 3), Mr. Hibbits states:

> [T]his Company is of the opinion that the U.S. Marshall's [sic] Deed dated March 13, 1975, recorded March 19, 1975 in the office of the Clerk of Middlesex County in Deed Book 2884, page 761 conveyed clear and marketable title to the premises described therein subject only to such matters as a search prior to June 5, 1973 (see report of Chicago Title Insurance Company dated May 23, 1974) would reveal and such facts as a search from the date of recording of the said Sheriff's Deed would reveal. Accordingly, upon completion of all necessary searches and payment of appropriate premiums and fees, this company would issue Title Insurance Policy of Lawyers Title Insurance Corporation without any exception to any right, title, interest or equity of redemption of Broad National Bank.

Accordingly, there is at least one title insurer who would insure plaintiffs' title without excepting the liens in question.

Plaintiffs' mere assertions that their title is uninsurable, without documentary proof, are not sufficient to convince this Court of such. Plaintiffs do bring to the Court's attention the letter from Donald M. Karp, counsel for BNB, dated April 28, 1982 to support their claim that BNB intends to "imminent[ly]" foreclose on their property. However, a reading of that letter fails to convince the Court that BNB is threatening to foreclose. Also, more than two and one-half years have elapsed since the date of that letter and no such foreclosure proceedings have begun.

Because plaintiffs cannot establish that their title is uninsurable or truly "clouded", or that BNB is going to foreclose on their property, summary judgment will be entered declaring plaintiffs' title to be free of such "liens" and dismissing the Amended Complaint against the United States. Counsel for the plaintiffs is hereby requested to prepare and submit a form of judgment reflecting this decision, including therewith an Amended Complaint to be filed concurrently with the judgment.