**William J. TUKE, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 95–3176.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 24, 1996.

Decided Feb. 9, 1996.

Stephen R. Leopold (argued), Leopold Law Offices, Milwaukee, WI, for Plaintiff–Appellant.

Matthew V. Richmond (argued), Office of the United States Attorney, Milwaukee, WI, for Defendants–Appellees.

Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

An attorney who files suit when the statute of limitations is about to expire must take special care to achieve timely service of process, because a slip-up is fatal. Attorney Stephen R. Leopold filed this suit under the Federal Tort Claims Act at the end of the limitations period yet treated service casually. He did not bother to read Fed.R.Civ.P. 4, which governs service in federal litigation, and relied on his adversary to tell him what he must do. When he got that advice, he tarried in following it. The delay has cost his client the litigation and exposes Leopold to a suit for malpractice.

■ The complaint was filed on October 12, 1994. Leopold sent the local United States Attorney a "Notice of Lawsuit and Request for Waiver of Service of Summons." This document may have been designed to take advantage of the service-by-mail provisions in Rule 4, but after the comprehensive 1993 revision of Rule 4 waiver of service does not play a role in litigation against the national government. Under Rule 4(d) waiver of service is an agreement to accept documents by mail, rather than by hand; no one needs to seek such an agreement from the United States, because Rule 4(i) authorizes postal service on the United States in all cases. An Assistant U.S. Attorney sent Leopold a letter stating that the United States would not waive any of its remaining rights to notice; the letter directed counsel's attention to Rule 4. Presently Leopold hand-delivered a copy of the complaint and summons to the U.S. Attorney's office, thus complying with Rule 4(i)(1)(A). The next subsection of that rule directs the plaintiff to send

"a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia". Fed.R.Civ.P. 4(i)(1)(B). Leopold did not do so. On January 31, 1995, when 11 of the 120 days allowed for service by Rule 4(m) remained, the Assistant U.S. Attorney reminded Leopold that the Attorney General had not yet been served. Leopold took 17 days to act. On February 16 he mailed a copy of the complaint and summons to "A.G. U.S. Attorney's Office" in the District of Columbia. Not surprisingly, the U.S. Attorney for the District of Columbia returned the documents, observing on February 23 that he had nothing to do with the case. Leopold then took another month to mail the papers to the Attorney General. The district court dismissed the suit under Rule 4(m), concluding that Leopold lacked "good cause" for the delay. Dismissal was without prejudice, but " '[w]ithout prejudice' does not mean 'without consequence'. If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir.1989). A new suit would be untimely, so the dismissal is final and appealable.

■ Where is the "good cause" that Rule 4(m) requires for belated service? Failure to read a rule is the antithesis of good cause. Ignorance may be an explanation but is not an excuse. *Williams–Guice v. Chicago Board of Education,* 45 F.3d 161, 163–64 (7th Cir.1995); *Tso v. Delaney,* 969 F.2d 373, 376 (7th Cir.1992); *Lewellen v. Morley,* 909 F.2d 1073, 1077 (7th Cir.1990); *Redfield v. Continental Casualty Corp.,* 818 F.2d 596, 602 (7th Cir.1987). Cf. *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 396–98, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993); *Prizevoits v. Indiana Bell Telephone Co.,* 76 F.3d 132 (7th Cir.1996). Leopold's principal argument is that he needn't show good cause. He thinks that it should be enough to serve either the U.S. Attorney or the Attorney General. After all, the U.S. Attorney is part of the Department of Justice. Why can't the U.S. Attorney send the papers to headquarters in

Washington? Why should the victim of a tort lose his case just because counsel failed to save the Department of Justice the cost of a stamp? Rule 4(i)(1)(B) is designed to help the Department of Justice monitor its field offices and maintain a central register of litigation, but why should plaintiffs be conscripted, at their peril, as the instruments of bureaucratic control?

Two district judges have accepted this position and excused failure to serve the Attorney General. *Williams v. General Services Administration,* 582 F.Supp. 442 (E.D.Pa. 1984); *Donaghy v. Roudebush,* 614 F.Supp. 585 (D.N.J.1985). No court of appeals has followed suit, and *McGregor v. United States,* 933 F.2d 156 (2d Cir.1991), has held that service on the Attorney General is essential. For good reason: that's what the rule says. Cf. *Gabriel v. United States,* 30 F.3d 75 (7th Cir.1994) (holding that the plaintiff must serve the United States in the way Rule 4 requires; actual notice is insufficient). The Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal. See, e.g., *Leatherman v. Tarrant County,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). See also *Central States Pension Fund v. Central Cartage Co.,* 69 F.3d 1312, 1314 (7th Cir. 1995). *Schiavone* shows that this approach applies to the rules for service of process; in *Schiavone* service on a corporate division, rather than on the corporation in its own name, led to dismissal of the suit even though the lawyer rectified his error soon after the time for proper service had lapsed. Change comes about under the Rules Enabling Act, 28 U.S.C. §§ 2071–77, rather than by appealing to each judge's sense of the best way to conduct litigation.

Rules of procedure often recognize the high costs of inflexible application and afford leeway; Rule 4(m) is an example. Although many states require service to be accomplished by the end of the statute of limitations, Rules 3 and 4(m) in combination give plaintiffs who sue under federal law the full period of limitations, plus 120 days, in which

to achieve service. See *West v. Conrail,* 481 U.S. 35, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). Four months should be ample; Leopold's problem is not that Rule 4 is ambiguous or that 120 days is unreasonably short but that he ignored the rules and therefore did not know what he had to do within that time.

■ Rule 4(m) also contains a safety valve: for good cause, a judge may give the plaintiff time beyond 120 days. This does not mean that to miss the time by a little (some 45 days in this case) is irrelevant; the rule establishes a bright line at 120 days, not at 165 days; and "serve the defendant within a reasonable time," which is how Leopold reads Rule 4(m), is a very different *kind* of norm from "serve the defendant within 120 days." Rule 4(m) establishes a rule, not a standard. When a statute or rule sets a time limit, even one day's tardiness can be fatal. See *United States v. Locke,* 471 U.S. 84, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985); *Browder v. Director, Department of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *McIntosh v. Antonino,* 71 F.3d 29 (1st Cir. 1995). Instead of saying that service within 165 days is close enough for government work, the district court properly demanded good cause for exceeding 120 days.

■ Appellate review on this issue is deferential, *Bachenski v. Malnati,* 11 F.3d 1371, 1377 (7th Cir.1993), and we conclude that the district court did not abuse its discretion. As we have said already, a lawyer who does not read the rules lacks good cause. Courts are willing to excuse reasonable misunderstandings of the rules, many of which are complex and ambiguous. Rule 4(i)(1)(B) is direct and clear; it is hard to imagine how it could be misunderstood. Leopold does not discuss Rule 4(i)(1)(B). Instead he argues that he was led astray by a letter he received from the Assistant U.S. Attorney, who informed him that the date in the summons for answering the complaint was incorrect: Leopold wanted an answer within 30 days of filing the suit, and the AUSA told him that the United States had 60 days from service of summons. This does not imply that the plaintiff could ignore Rule 4(i)(1)(B); indeed, it would have been folly for Leopold to infer that the AUSA in Wisconsin had any idea at that time whether the papers had reached

the Attorney General. The duty to make timely service is the plaintiff's, see Rule 4(c)(1), and the warning Leopold eventually received from the AUSA was a generous (though ineffectual) bit of assistance from his adversary.

A brief word is in order about Rule 4(i)(3), which says that a court "shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple officers, agencies, or corporations of the United States if the plaintiff has effected service on either the United States attorney or the Attorney General of the United States." This subparagraph deals with cases in which, under Rule 4(i)(2), the plaintiff must serve federal officers in addition to the U.S. Attorney and the Attorney General; it is accordingly inapplicable today. But that open-ended standard would not keep this suit alive even if it were applicable. After serving the U.S. Attorney, Leopold sat on his hands for months. After the AUSA told him that he still had to serve the Attorney General, Leopold did nothing for 17 days—and then served the U.S. Attorney for the District of Columbia. After he learned that this was not right, Leopold waited another month to take the simple step of sending certified mail to the Attorney General. Not by any stretch of the imagination is this "reasonable."

AFFIRMED.