**Marie SNYDER, as Guardian Ad Litem of Dylan Kaleb Ridenour, a Minor Child, on behalf of themselves and all others similarly situated, Plaintiffs—Appellants,**

v.

**CITY OF FALLON; United States Department of the Navy; Exxon Mobil Corporation; Kinder–Morgan Energy Partners, LP; Speedway Gas Station; and Does I–X, Defendants—Appellees.**

No. 03–15187.

D.C. No. CV–02–251–ECR (RAM).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2004.

Decided March 15, 2004.

Alan S. Levin, Incline Village, NV, for Plaintiffs–Appellants.

John P. Desmond, Jones Vargas, Rick R. Hsu, Donald A. Lattin, Walther, Key, Maupin, Oats, Cox, & Legoy, Gregory Addington, Office of the U.S. Attorney, N. Patrick Flanagan, III, Hale, Lane, Peek, Dennison,Howard, Reno, NV, Vernon T. Meador, Morgan, Lewis & Bockius, LLP, Lawrence P. Riff, Steptoe & Johnson, Los Angeles, CA, Adam Bain, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before B. FLETCHER and REINHARDT, Circuit Judges, and RESTANI,* Judge.

MEMORANDUM**

Marie Snyder, as guardian ad litem of her son, Dylan Ridenour, appeals from a

---

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

district court order dismissing her complaint for insufficiency of process because co-defendant-appellee the United States was improperly served under Federal Rule of Civil Procedure 4.

In the absence of a "persuasive justification for [an attorney's] misconstruction of nonambiguous rules," there is "no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect." *Speiser, Krause & Madole, P.C. v. Ortiz,* 271 F.3d 884, 886 (9th Cir. 2001) (quoting *Kyle v. Campbell Soup Co.,* 28 F.3d 928, 931–32 (9th Cir.1994)); *see also Tuke v. United States,* 76 F.3d 155, 156 (7th Cir.1996) (finding no good cause where counsel relied on his adversary for filing instructions and then did not follow them in a timely manner). Because Snyder provides no good cause for the deficient service and provides no reason why the deficient service constitutes "excusable neglect," the district court did not abuse its discretion in dismissing the complaint and denying leave to amend.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.