

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# Cain v. Abraxas

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2870

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Cain v. Abraxas" (2006). *2006 Decisions.* Paper 56.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/56

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2870

_____

KORAN CAIN,

Appellant

v.

CORNELL ABRAXAS

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa.. Civ. No. 04-cv-04937)
District Judge: Honorable Bruce W. Kauffman

_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006

Before: RENDELL, AMBRO and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed : December 20, 2006 )

_____

OPINION

_____

PER CURIAM.

   In this employment discrimination action, Appellant, Koran Cain, appeals <u>pro</u> <u>se</u>

from the order of the United States District Court for the Eastern District of Pennsylvania,

granting the Appellee's motion to dismiss his complaint for untimely service of process

under Federal Rule of Civil Procedure 4(m).

On October 21, 2004, Cain filed a motion to proceed in forma pauperis ("IFP") attaching the EEOC's "Dismissal and Notice of Rights," issued on July 28, 2004.[1]  Cain's pro se Complaint, signed by him on October 20, 2004, was recorded as filed in the District Court on December 28, 2004.  He alleged that in October 2002 he was denied employment at one of Cornell Abraxas's Philadelphia academies because of his criminal record.  He had applied for an internal transfer when he lost his job due to the closing of the New Morgan Academy, where he worked.

On December 28, 2004, the District Court also granted Cain's IFP motion and issued a summons to Cornell Abraxas.  Cain received notice in early March 2005 that service was not executed due to a faulty address.  Using a different address for Cornell Abraxas, Cain sought another summons on November 14, 2005.  The summons, issued in January 2006, was successfully executed in February 2006.

Cornell Abraxas filed a timely motion to dismiss, claiming that the Complaint was time-barred and that Cain failed to effect timely service of process under Rule 4(m).[2]

---

[1]  The EEOC's "Dismissal and Notice of Rights" indicates that the EEOC closed Cain's discrimination file because there was no basis to conclude that the employment discrimination statutes had been violated.  The EEOC sent the dismissal notice to Cain, Cain's attorney, and to Cornell Abraxas's counsel.

[2]  Cornell Abraxas apparently inadvertently attached a copy of a former Pennsylvania Human Rights Commission ("PHRC")/EEOC complaint filed by Cain in 2001.  The PHRC/EEOC complaint alleges discriminatory denial of promotions based on race, age, and retaliation, on diverse dates from November 2000 to August 13, 2001.  The PHRC/EEOC complaint appears to be wholly unrelated to the claim in the current

(continued...)

2

The District Court agreed as to Cain's failure to serve process and dismissed the complaint without prejudice on that ground. This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The dismissal without prejudice was a final decision because Cain would be time-barred from re-filing his complaint. See Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) (holding that an order dismissing a claim without prejudice is a final appealable order if the statute of limitations for that claim has expired). We review the District Court's order for abuse of discretion. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1308 (3d Cir. 1995).

This Court has interpreted Rule 4(m) as requiring a court to extend time for service where a plaintiff demonstrates good cause. McCurdy v. Amer. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). Here, Cain must show good faith and some reasonable basis for noncompliance within the time specified by the rule. MCI Telecom. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). If good cause is not shown, the district court may, in its discretion, decide whether to dismiss the case without prejudice or extend the time for service. See Petrucelli v. Bohringer & Ratzinger, 46 F.3d at 1305. And "the district court must consider whether any other factors warrant extending time

_____

[2](...continued)
Complaint and to the EEOC's dismissal notice issued in July 2004. In its counter-statement of facts, Cornell Abraxas does not dispute that in August 2003, Cain filed a charge of discrimination with respect to the October 2002 incident, alleging that he was denied an internal transfer because he had two felony drug convictions in 1991. See Appellee's Brief, at 2. In light of the undisputed facts, and because Cornell Abraxas did not raise the failure to exhaust administrative remedies as a ground for dismissal in District Court, we will assume that Cain exhausted his administrative remedies.

even if good cause was not shown." Id. at 1307.

A review of the District Court's order establishes that there is an adequate legal and factual basis for the court's good cause determination. Failure to understand Rule 4(m) does not excuse Cain's failure to provide timely service. Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996). Cain argues that Cornell Abraxas failed to show good faith in not disclosing its correct address to Cain in a timely manner. Cain does not say that he requested such information from Cornell Abraxas. In any event, Cornell Abraxas is not obligated under Rule 4 to disclose how to effect service of process upon it.

However, we conclude that the District Court abused its discretion in failing to consider whether any other factors warranted denying a motion to dismiss even though good cause was not shown. Petrucelli, 46 F.3d at 1307. The District Court order focused entirely on the first step of the analysis, the good cause determination. The presence of several factors in this case which would frequently weigh in favor of exercising such discretion, including Cain's pro se status and the fact that the statute of limitations had run on his claims, highlights the absence of this significant and required step in the District Court's analysis. Thus, we will vacate the order granting Cornell Abraxas's motion to dismiss pursuant to Rule 4(m) and remand for further proceedings.

Because the matter will be remanded and because Cornell Abraxas raises the issue on appeal, we will address the issue of the statute of limitations. Cornell Abraxas contends that the Complaint was properly dismissed because it was time-barred. We disagree. Although Cain did not specify a statutory basis for his employment

4

discrimination claim, the subject matter of his claim, the EEOC's dismissal notice, and the fact that he requests back wages, indicate that he seeks relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. A Title VII complaint must be filed in the District Court within 90 days of the complainant's receipt of the EEOC's decision. See 42 U.S.C. § 2000e-5(f)(1); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

That Cain himself received the EEOC Dismissal and Notice of Rights is not disputed because he attached the notice to his IFP motion. However, Cain does not say exactly when he received it. Assuming that he received the EEOC notice on July 31, 2004, three days after it was issued, see Seitzinger v. Reading Hospital and Medical Center, 165 F.3d 236, 239 (3d Cir. 1999), Cain had until October 29, 2004, to file a timely complaint. His IFP motion was filed on October 21, 2004. On December 28, 2004, the District Court granted the IFP motion, docketed the Complaint as filed, and issued a summons.

Cornell Abraxas argues that the Complaint is time-barred because it was filed on December 28, well after the 90-day limitation period had expired. We have held that a complaint is constructively filed as of the date that the clerk received the complaint, as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request for in forma pauperis.[3] McDowell v. Delaware State Police, 88 F.3d 188, 190 (3d Cir. 1996). Here, there is no entry in the District Court record or on the Docket indicating

---

[3] The District Court granted Cain IFP status.

5

when the Complaint was actually received. It is undisputed that Cain signed his Complaint on October 20, 2004, the same day he signed his IFP motion; the IFP motion itself was filed one day later. Given these facts, we conclude that the Complaint was constructively filed on October 21, 2004, well within the statute of limitations. The complaint is not time-barred.

For the foregoing reasons, we will vacate the judgment of the District Court and remand for further proceedings.