**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4223
_____

MERVIN JOHN,

Appellant

v.

SECRETARY OF THE ARMY; NATIONAL GUARD BUREAU;
VIRGIN ISLANDS NATIONAL GUARD; DENNIS HOWELL
_____

On Appeal from the United States District Court
For the District of the Virgin Islands
(No. 1-05-cv-00047)
District Judge:  Honorable Timothy J. Savage

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2012

Before:  CHAGARES, JORDAN, and COWEN, Circuit Judges.

(Filed: June 5, 2012)
_____

OPINION
_____

CHAGARES, Circuit Judge.

This is an appeal from the District Court's order dismissing Mervin John's

complaint that alleged he was improperly separated from the Active Guard Reserve of the

Virgin Islands National Guard before his scheduled retirement date.  John raises three

1

issues on appeal: 1) whether the District Court erred in finding his damages claims barred by Feres v. United States, 340 U.S. 135 (1950) and its progeny (hereinafter the "Feres doctrine"); 2) whether the District Court erred in finding he did not have a property or liberty interest in his employment to support a due process claim for equitable relief; and 3) whether the District Court erred in finding he never properly served the Federal defendants.[1] For reasons that follow, we will affirm the order of the District Court.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. John enlisted as a member of the Virgin Islands National Guard in 1986 and became a member of the Active Guard Reserve in 1987, pursuant to 32 U.S.C. § 502(f). John alleges his "Oath of Extension of Enlistment or Reenlistment," dated April 14, 2001, listed his Enlistment Termination Date as June 30, 2006. However, on June 11, 2003, John received notice that he would be released in June 2004. After inquiry, John was informed that he was being released because he had reached "the statutory 20 years of Active Service on June 30, 2004." John's release date was August 31, 2004. John alleges that he was not slated for retirement from the Guard until June 2006 and that he suffered emotional distress following the separation.

---

[1] The Federal defendants are the Secretary of the Army and the National Guard Bureau. The Federal defendants entered an appearance and filed a responsive brief. Defendants the Virgin Islands National Guard and Dennis Howell, the Director of Human Resources of the Virgin Islands National Guard (the "Virgin Islands defendants"), did not file a brief on appeal. Their counsel in the District Court never filed an Entry of Appearance on the record. We will proceed without the benefit of briefing from the Virgin Islands defendants. Torisky v. Schweiker, 446 F.3d 438, 442 (3d Cir. 2006).

2

John sued the Secretary of the Army, the National Guard Bureau, the Virgin Islands National Guard, and Dennis Howell, Director of Human Resources of the Virgin Islands National Guard, alleging five causes of action: 1) denial of due process; 2) denial of equal protection; 3) denial of constitutional rights under color of state law, pursuant to 42 U.S.C. § 1983; 4) wrongful discharge under V.I. Code Ann. tit. 24, § 76; and 5) emotional distress. The District Court granted the defendants' motions to dismiss. The District Court held that John's damages claims were barred by the <u>Feres</u> doctrine and dismissed the claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The District Court dismissed John's claim for injunctive relief for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because John could not make out a procedural due process violation as he did not have a property or liberty interest in his continued employment. Finally, the District Court held that John never properly served the Federal defendants pursuant to Federal Rule of Civil Procedure 4(i) and (m). John timely appealed.

II.

The District Court of the Virgin Islands, to the extent it exercised jurisdiction, did so pursuant to 48 U.S.C. § 1612, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

We review dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted pursuant to a de novo standard of review. <u>Free Speech Coal., Inc. v. Att'y Gen.</u>, -- F.3d ---, 2012 WL 1255056, at *5 (3d Cir. 2012).

3

We also exercise de novo review of the District Court's holding that John had not properly served the Federal defendants.  Umbenhauer v. Woog, 969 F.2d 25, 28-29 (3d Cir. 1992); see also Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir.1995).

III.

The District Court correctly held that John's claim for damages is barred by the Feres doctrine.  The United States has waived its sovereign immunity and is generally liable for tort damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674. However, the United States Supreme Court in Feres held that uniformed members of the armed forces may not bring suit against the federal government under the FTCA for injuries that "arise out of or are in the course of activity incident to service."  340 U.S. at 146.  The District Court correctly found that John's alleged injuries arise out of his military service.  The Feres doctrine is best explained by "[t]he peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the [FTCA] were allowed for negligent orders given or negligent acts committed in the course of military duty . . . ."  United States v. Brown, 348 U.S. 110, 112 (1954).

The Supreme Court and this Court have expanded the scope of the Feres doctrine beyond the FTCA.  The Feres doctrine applies to members of the state national guard when serving under 32 U.S.C. § 502(f).  Matreale v. New Jersey Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007).  Further, the Feres doctrine bars suits for damages against state and federal officers for constitutional violations, pursuant to 42

4

U.S.C. § 1983 or <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), respectively. <u>Chappell v. Wallace</u>, 462 U.S. 296, 305 (1983) (holding <u>Feres</u> bars <u>Bivens</u> claims for damages brought by federal servicemen against superior officers alleging constitutional violations); <u>Jorden v. Nat'l Guard Bureau</u>, 799 F.2d 99, 103-08 (3d Cir. 1986) (holding damages claims pursuant to § 1983 against state military officers are barred by the <u>Feres</u> doctrine). Damages claims arising out of violations of territorial tort law are also barred by the <u>Feres</u> doctrine. <u>Cf.</u> <u>Jaffee v. United States,</u> 663 F.2d 1226, 1239 (3d Cir. 1981) (noting "the rationale for precluding [FTCA] suits [against the federal government] applies equally to suits brought directly under state law" because "[s]uits founded on state law have the same potential for undermining military discipline as federal tort claims"). Further, failure by the military to apply its own procedures does not bar the application of the <u>Feres</u> doctrine where it would otherwise apply. <u>Anderson v. United States</u>, 724 F.2d 608, 611 (8th Cir. 1983).

For the reasons articulated by the District Court in its thoughtful opinion, John's claims for damages are barred by the <u>Feres</u> doctrine. Thus, we will affirm the District Court's dismissal of John's damages claims based on the <u>Feres</u> doctrine.

IV.

John's claim for equitable relief based on an alleged violation of his procedural due process rights is not barred by the <u>Feres</u> doctrine. <u>Jorden</u>, 799 F.2d at 111. However, the District Court correctly dismissed John's claim for injunctive relief for failure to state a claim upon which relief may be granted. "To prevail on a procedural due process claim, a litigant must show (1) that the state deprived him of a protected interest in life,

5

liberty, or property and (2) that the deprivation occurred without due process of law."

Burns v. Pa. Dept. of Correction, 544 F.3d 279, 285 (3d Cir. 2008).  Because John failed to allege either a protected liberty or property interest, John has failed to allege a viable due process violation.

The District Court properly found that John failed to show that he had a property interest in his employment beyond 20 years of active Federal service.  To have a property interest in continued employment, "a person clearly must have more than an abstract need or desire for it [and] more than a unilateral expectation of it."  Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972).  "He must, instead, have a legitimate claim of entitlement to it."  Id.  However, Army Regulation 135-18, which governs the Army Guard Reserve Program, provides that enlisted soldiers in the Army National Guard of the United States "will be released on achieving 20 years [active service] unless retained for an incremental period by an [Active Service] tour continuation board . . . ."  Id. § 4-7(d)(1).  Thus, after 20 years, John had no protected property interest in his continued employment.[2]

_____

[2] We note that is not clear that John ever had a protected property interest in his continued employment.  The Federal defendants included John's Certificate of Understanding for his initial entry into the Active Guard/Reserve Program, which John signed on March 17, 1988, in their Supplemental Appendix.  Paragraph 8 provides:  "I am aware that my voluntary entry into the AGR program does not guarantee that I will attain 20 years of active Federal service for retirement purposes."  Supplemental Appendix at 5.  However, because we review the District Court's dismissal of John's claims for injunctive relief pursuant to Rule 12(b)(1), we consider only the allegations in the complaint, Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.3d 1192, 1196 (3d Cir. 1993), and conclude as a matter of law that under Army Regulation 135-18 § 4-7(d)(1), John did not have a property interest in his employment after he reached 20 years of active service.

6

John cites Bollen v. Nat'l Guard Bureau, 449 F. Supp. 343 (W.D. Pa. 1978) for the proposition that he had a property interest in his continued employment; however, Bollen is inapplicable to John's situation. In Bollen, the Office of the Judge Advocate General issued an opinion interpreting a Grandfather Clause exception to a thirty-year mandatory separation rule to apply only to majors and below. Id. at 346. In response to this change in interpretation, authority was delegated to the Adjutant General of Pennsylvania specifically to retain Bollen, among others, until the age of 60, provided that he was qualified to hold his position and properly performing his technician job. Id. at 346, 350. John did not allege that he was specifically excepted from applicable regulations as in Bollen. See Penagaricano v. Llenza, 747 F.2d 55, 62 n.8 (1st Cir. 1984), overruled on other grounds by Wright v. Park, 5 F.3d 586 (1st Cir. 1993) (noting that Bollen was a case of "special circumstances").

The District Court also correctly found that John did not have a protected liberty interest in his employment because he did not allege his separation damaged his reputation or hurt his future employment opportunities. Roth, 408 U.S. at 573-74; Hill v. Borough of Kutztown, 455 F.3d 225, 235 (3d Cir. 2009) ("[T]o make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest."). To allege a deprivation of a liberty interest, John would have had to allege that the reason given for the separation was substantially false. Codd v. Velger, 429 U.S. 624, 627-29 (1977) (holding absence of allegation of falsity was fatal to claim under Due Process clause); Fraternal Order of Police Lodge No. 5 v. Tucker, 868 F.2d 74, 82 (3d Cir. 1989) (same).

7

The District Court correctly found that John's claim that he was involuntarily separated did not implicate a liberty interest. The reason that the Guard gave John for his separation was that he had reached 20 years of service, which the District Court correctly found had no bearing on his reputation or employability.

We will affirm the District Court's dismissal of John's claim for equitable relief.

## V.

The District Court correctly found that John failed to serve properly the Federal defendants pursuant to Federal Rule of Civil Procedure 4(i).[3] Instead, John attempted to serve the Federal defendants pursuant to Rule 4(d), which provides that a plaintiff may notify a defendant that an action has been filed and request that a defendant waive service of a summons. The District Court found that John sent copies of the notice of complaint

---

[3] Federal Rule of Civil Procedure 4(i) provides, in pertinent part:

> (1) United States. To serve the United States, a party must:
>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

8

and waiver form to the United States Attorney's Office for the District of the Virgin Islands in St. Croix by regular mail, not registered or certified mail. The District Court also found that John never attempted to serve the Attorney General in Washington, D.C., the Secretary of the Army, or the National Guard Bureau.

Rule 4(d)'s waiver of service method does not apply to service on the United States or its agencies. Rule 4(d)(1) imposes the duty to "avoid unnecessary expenses of serving the summons" only on "[a]n individual, corporation or association that is subject to service under Rule 4(e), (f), or (h)." The Court of Appeals for the Seventh Circuit has recognized that "[t]he waiver provision does not play a role in litigation against the national government" because "[u]nder Rule 4(d) waiver of service is an agreement to accept documents by mail, rather than by hand; no one needs to seek such an agreement from the United States, because Rule 4(i) authorizes postal service on the United States in all cases." Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996); see also Lepone-Dempsey v. Caroll Cnty Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (noting that "only an individual, a corporation, or an association are subject to service by waiver").

Even if it were proper to serve the Federal defendants under Rule 4(d), when John did not receive the returned waivers, he was required to effect service by the traditional means within the 120 days provided in Rule 4(m) to avoid dismissal of his complaint. See Umbenhauer, 969 F.2d at 29 ("Upon receipt of [documents required by Rule 4(d)(1)] the defendant may either acknowledge service, in which case process will have been properly served, or may do nothing, in which case the plaintiff must resort to personal

9

service.").  The Federal defendants never returned the waivers, and the Federal defendants were never served under Rule 4(m).

We will affirm the District Court's dismissal of John's complaint against the Federal defendants for failure to effect proper service.

VI.

Based on the foregoing, we will affirm the District Court's order dismissing John's complaint.