Tyrone BULLOCK, Appellant

v.

Martin SUOMELA.

No. 82–3343.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
March 25, 1983.

Decided June 21, 1983.

Tyrone Bullock, pro se.

LeRoy S. Zimmerman, Atty. Gen., Gregory R. Neuhauser, Francis R. Filipi, Deputy Attys. Gen., Harrisburg, Pa., for appellee.

Before GIBBONS, GARTH and MARIS, Circuit Judges.

**OPINION OF THE COURT**

MARIS, Circuit Judge.

The plaintiff, an inmate of the Pennsylvania Correctional Institution at Huntingdon, filed a civil rights complaint pro se against the defendant, a member of the staff of that institution. He also requested leave to proceed in forma pauperis without prepayment of fees and costs. In support of that request he filed an affidavit which did not contain all of the information required by the established procedure of the district court. Further, he marked "Refused" on a certificate attached to the affidavit which was to have been executed by prison officials. And, finally, he indicated that he did not have any money in his prison account.

The magistrate to whom the case was referred accordingly issued an order requiring prison officials to submit further financial information. Thereafter, an affidavit

was filed which indicated that on March 16, 1982, the date on which the plaintiff executed his affidavit stating that he had no funds in his prison account, that account actually had a balance of $4.76, that his average monthly wages were $17.48 and that during the 6-month period preceding suit he had receipts of $144.22. The magistrate thereupon ordered the plaintiff to pay a partial filing fee of $4.00 or submit an explanation demonstrating that he lacked access to sufficient funds to make the partial payment. Plaintiff responded with an affidavit indicating that he should be excused from paying the filing fee on the basis that his only source of income was from prison wages which he needed to purchase essential cosmetics, legal paper, photocopies and postage stamps and that the then present balance in his account was zero. The magistrate considered nonetheless that it would not be burdensome on the plaintiff to pay the modest partial filing fee which he had ordered. The plaintiff failed to do so, however, and on the report and recommendation of the magistrate and after considering exceptions thereto filed by plaintiff, the district court dismissed the complaint with prejudice. The present appeal by the plaintiff followed.

█ The magistrate and the district court acted pursuant to a procedure followed in that court under which a plaintiff seeking to proceed pro se without prepayment of fees and costs who is without funds to prepay them in full is authorized to proceed in forma pauperis upon payment of such lesser sum in part payment as his financial situation may fairly permit. A number of courts of appeals and district courts have approved this procedure as within the authority conferred by 28 U.S.C. § 1915(a); *Evans v. Croom,* 650 F.2d 521 (4th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982); *Zaun v. Dobbin,* 628 F.2d 990 (7th Cir.1980); *In re Stump,* 449 F.2d 1297 (1st Cir.1971); *Braden v. Estelle,* 428 F.Supp. 595 (S.D.Tex. 1977); and so do we. We, accordingly, reach the question which the plaintiff presents on this appeal, namely, that the district court was guilty of an abuse of discretion in requiring him to pay $4.00 of the filing fee as a prerequisite to being granted status in forma pauperis and, therefore, erred in dismissing his complaint because of his failure to do so.

█ As this and other courts have pointed out, the procedure followed in the district court may not be so employed as to leave a pro se litigant absolutely penniless. As this court said in *Souder v. McGuire,* 516 F.2d 820, 824 (3rd Cir.1975), "we do not think that prisoners must totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison or a mental hospital beyond the food, clothing, and lodging already furnished by the state.... These need not be surrendered in order for a prisoner or a mental patient to litigate in forma pauperis in the district court." What may be required by the district court in the exercise of its discretion is a payment which is fair in the light of the actual financial situation of the particular pro se litigant. See, in this connection, Judge Bue's excellent discussion of this subject in *Braden v. Estelle,* 428 F.Supp. 595 (S.D.Tex.1977). In the present case, the order of the court, if carried out, would have left the plaintiff with a balance of only 76 cents. True, he had the possibility of prison earnings, but these were modest indeed and problematical. We conclude that the order of the court requiring the plaintiff to pay $4.00 of his $4.76 cash assets was an abuse of discretion and that in forma pauperis status should have been granted without any required prepayment of fees and costs.

The order of the district court will be reversed and the cause remanded with directions to reinstate the complaint and to grant plaintiff's request for leave to proceed without prepayment of fees and costs.