881 F.2d 1061
 W. Foster SELLERS, Plaintiff-Appellant,
v.
UNITED STATES of America, J.D. Southerland, Warden, Charlie
Gilliam, Counselor, Dana Newell, Case Manager, S. Armes,
Counselor, Larry Feltcamp, Food Service Administrator, Mr.
Hardy, Assistant Food Service Administrator, A.D. Heard,
Ralph Lilas, Jack Babbs, Ms. Mary Wilson, Mr. Jack Tanner,
Mr. Hearst and Mr. Humphery, Food Service Foremen, Ms.
Houzer, Mr. Del Valle Ferrer and H. West, Physician
Assistants, Defendants-Appellees.
 No. 89-7135
 
 Non-Argument Calender.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 29, 1989.
 W. Foster Sellers, Marion, Ill., pro se.
 Frank W. Donaldson, U.S. Atty., Patty Bortz, Asst. U.S. Atty., Marvin Neil Smith, Jr., Birmingham, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HILL, ANDERSON, and EDMONDSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, an inmate confined to a federal correctional facility, filed this civil rights complaint, seeking damages and injunctive relief from several prison agents who allegedly failed to provide him with proper medical treatment. Petitioner sought to proceed in forma pauperis. His application stated that he is unemployed, but receives $20 to $50 per month from his mother and brother to purchase needed items. At the time he filed his complaint, petitioner had an account balance of $34.72 and an average monthly balance of $47 for the preceding six months.
 
 
 2
 The magistrate required petitioner to pay a $14 partial filing fee, and specified that his failure to pay or explain non-payment within the allotted time would result in dismissal of the action. As an explanation for non-payment, petitioner submitted a financial affidavit explaining his expenses. Petitioner's affidavit indicated that each month he spends $28 for food to supplement his prison diet which he claims is necessary due to his health problems; $5 for copying; and $10 for postage. Petitioner stated that he buys personal hygiene items with any spare money and spends between $56 and $80 annually for tennis shoes which he claims are required for his medically necessary daily exercise. In addition, petitioner stated that he owes $2000 to his brother.
 
 
 3
 The magistrate concluded that petitioner's expenditures were discretionary and again ordered petitioner to pay the partial filing fee. Petitioner filed objections with the district court. The district court reviewed petitioner's affidavit de novo, found that petitioner's spending was discretionary, and ordered that the action be dismissed due to petitioner's failure to pay the partial filing fee. Petitioner filed a notice of appeal and a request to proceed in forma pauperis on appeal. The district court declined to characterize the appeal as not taken in good faith and granted petitioner's application to proceed in forma pauperis on appeal.
 
 
 4
 On appeal, petitioner argues that the district court abused its discretion in ordering him to pay a partial filing fee of $14 and in dismissing his complaint when he failed to pay the fee.
 
 
 5
 District courts enjoy wide discretion in deciding whether a partial filing fee is fair and appropriate in a particular case. Johnson v. Kemp, 781 F.2d 1570, 1571 (11th Cir.1986); Collier v. Tatum, 722 F.2d 653, 657 (11th Cir.1983). In setting a partial fee, the court may consider the purpose of the rule imposing the filing fee, the litigation history of the petitioner,[1] the apparent good faith in prosecution of the lawsuit, the actual dollars involved as well as the percentages, and our basic policy that this court is open to all good faith litigants, rich and poor alike. Collier, 722 F.2d at 657.
 
 
 6
 After a careful review of the record and the briefs of the parties, we find that the magistrate's order, as approved by the district court, requiring petitioner to pay $14 as a partial filing fee was not an abuse of discretion. Petitioner's contention that his family is the source of his funds, and therefore the partial filing fee should be waived, is without merit. The fact that the petitioner's funds are derived from family sources does not compel the conclusion that the filing fee is due to be waived. See Williams v. Estelle, 681 F.2d 946 (5th Cir.1982) (no abuse of discretion in requirement that prisoner pay $8 fee where he had $27.40 in his account and received about $30 per month from his family). Moreover, the district court did not abuse its discretion in concluding that petitioner's spending was discretionary, where the court found that petitioner spent between $56 and $80 annually for tennis shoes.
 
 
 7
 Petitioner contends that the district court was following the 40% guideline found to be an abuse of discretion in Green v. Estelle, 649 F.2d 298 (5th Cir.1981). We find the present case distinguishable from Green. In Green, the Fifth Circuit held that the district court abused its discretion by requiring a filing fee representing 40% of Green's total assets, where the total deposits in Green's prisoner account over the preceding year did not exceed $80 and the primary source of his income, his mother, had died. In the instant case, petitioner had $34.72 in his prisoner account at the time of the filing of his complaint. However, he had an average balance of $47 over the preceding six months, despite his claimed monthly purchases. More significantly, petitioner's affidavit made it clear that he receives between $240 and $600 a year from his mother and brother. Where there was no indication that this flow of support would stop, the district court did not abuse its discretion by requiring petitioner to pay the partial filing fee of $14 or else endure the consequence of dismissal of his action.
 
 
 8
 For the reasons stated above, the order of the district court, dismissing petitioner's complaint for failure to pay the partial filing fee, is AFFIRMED.
 
 
 
 [1]
 The Collier opinion mistakenly refers to the plaintiff in that case as "defendant" in its last few paragraphs. We assume that the panel meant to list as a factor the litigation history of the in forma pauperis petitioner (plaintiff), not of the defendant