7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alton HAMMAN, Plaintiff-Appellant,
v.
R. Michael CODY, Defendant-Appellee.
 No. 93-6175.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1993.
 
 Before McKAY, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Alton Hamman appeals from an Order of the United States District Court for the Western District of Oklahoma affirming the magistrate judge's Order denying Hamman leave to proceed in forma pauperis on appeal. Hamman sought to commence this civil rights action challenging the Oklahoma Department of Correction's grooming code. The magistrate judge denied Hamman's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, stating:
 
 
 3
 The prisoner has a total of $188.95 in his prison account. Rule 5 of the Rules of the United States District Court for the Western District of Oklahoma allows for the denial of leave to proceed in forma pauperis if Plaintiff's institutional account exceeds $200.00. However, the rule grants the court discretion in the event of exceptional circumstances. This Court finds that the fact that Plaintiff is only $12.05 [sic] below the maximum amount allowed constitutes such an exceptional circumstance.
 
 
 4
 The district court reviewed the magistrate judge's order de novo. Relying on Rule 5(H) which provides that "[in] the absence of exceptional circumstances, leave to proceed in forma pauperis may be denied if the value of the money ... [in] plaintiff's institutional account exceeds Two Hundred Dollars ($200.00)," the court determined that Hamman's declaration "reveals sufficient funds in his account to cover the costs of initiating suit. There is no indication in the record of any special circumstances that would render Mr. Hamman unable to use these funds to support his litigation. Mr. Hamman can afford the filing fee and should pay it."
 
 
 5
 Hamman appeals the district court's Order, asserting that denial of leave to proceed in forma pauperis is not warranted because his accounts do not exceed $200. Further, he owns no real property and has no outside financial assistance. He contends that possessing $188.95 does not constitute an exceptional circumstance under Rule 5(H). While the district court indicates that Hamman possesses sufficient funds to initiate suit, Hamman asserts that the court fails to address the additional costs of serving summons, of discovery, of issuing subpoenas, and of assistance of counsel.
 
 
 6
 Title 28 U.S.C. § 1915(a) provides: "Any court ... may authorize the commencement, prosecution or defense of any suit ... without prepayment of fees and costs ... by a person who makes affidavit that he is unable to pay such costs...." While this section does not specifically address prepayment of partial filing fees, the circuits which have considered the issue have approved partial fees. See e.g. In re Epps, 888 F.2d 964 (2d Cir.1989); Sellers v. United States, 881 F.2d 1061 (11th Cir.1989); Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257 (7th Cir.1987); In re Williamson, 786 F.2d 1336 (8th Cir.1986); Bullock v. Suomela, 710 F.2d 102 (3rd Cir.1983); Smith v. Martinez, 706 F.2d 572 (5th Cir.1983); Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982); In re Stump, 449 F.2d 1297 (1st Cir.1971). Several circuits have approved partial filing fees "to discourage potential prisoner plaintiffs from filing meritless suits...." Wiideman v. Harper, 754 F.Supp. 808, 810 (D.Nev.1990).
 
 
 7
 "District courts enjoy wide discretion in deciding whether a partial filing fee is fair and appropriate in a particular case." Sellers, 881 F.2d at 1062. In determining a fair and appropriate fee, a court may consider such factors as the purpose of the rule imposing the filing fee, the petitioner's litigation history, the actual dollars involved and the percentages, and the general policy that courts are open to all good faith litigants. Id. A petitioner may be required to pay a partial filing fee "where the financial data suggests that the person may do so without suffering undue financial hardship." Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 488 U.S. 941 (1988).
 
 
 8
 In upholding partial filing fees, courts have imposed various conditions to ensure the validity of the order requiring payment of partial fees. The following are some of the conditions which have been utilized: requirement of a fee schedule or formula (typically based on a fixed percentage of a prisoner's assets) to be published; a partial fee should never exceed one-third of the prisoner's income or assets; the partial fee cannot deprive the prisoner of enough money for the necessities of life; the amount of the fee cannot be arbitrary; and the court may look to the prisoner's litigation history. Wiideman, 754 F.Supp. at 811-12.
 
 We have noted that:
 
 9
 [a]part from the necessity of a case-by-case determination of poverty, frivolity or maliciousness, a court may impose conditions upon a litigant--even onerous conditions--so long as they assist the court in making such determinations, and so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts.
 
 
 10
 Carter v. United States, 733 F.2d 735, 737 (10th Cir.1984), cert. denied, 469 U.S. 1161 (1985) (citing In re Green, 669 F.2d 779, 786 (D.C.Cir.1981)).
 
 
 11
 Accordingly, we hold that the district court did not abuse its discretion in denying Hamman leave to proceed in forma pauperis on appeal. We note that the court limited its Order by acknowledging Hamman's ability to pay from his account the costs of initiating this suit. We treat the district court's Order as one requiring the payment of partial fees. A court may impose conditions which do not deny individuals access to the court. We affirm on the ground that Hamman is financially able to pay the requisite filing fee.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3