UNITED STATES COURT OF APPEALS
**Filed 4/18/96**TENTH CIRCUIT

_____

BRIAN KEITH STACK, )
)
      Plaintiff-Appellant, )
)
v. ) No. 95-4189
) (D.C. No. 95-CV-876)
) (D. Utah)
JIMMIE STEWART, Director, Iron County )
Correctional Facility, in his official, personal )
and individual capacity; VELTA LOTT, )
BRENT WITTIKIEND, GAYE KEENE, )
LEE HULET, KEVIN NITZEL, JAY LOWE )
BARTON and LLOYD PERKINS, Officers )
at Iron County Correctional Facility, in their )
official, personal and individual capacities, )
)
      Defendants-Appellees. )

_____

ORDER AND JUDGMENT*
_____

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

Plaintiff Brian Keith Stack, appearing pro se, appeals the district court's denial of

his request to proceed in forma pauperis without prepayment of filing fees.  We exercise

_____

* This order and judgment is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and conditions of
Tenth Cir. R. 36.3.

jurisdiction under 28 U.S.C. § 1291.

Plaintiff, an inmate, filed a proposed 42 U.S.C. § 1983 complaint, along with an application to proceed in forma pauperis. In the application, plaintiff indicated he was unemployed, had received no money from any sources during the previous twelve months, and had no interest in any real estate, stocks, bonds, notes, automobiles, or other valuable property. However, plaintiff indicated he had approximately $60 in cash, which was apparently maintained for him in a prison account. In a separate section of the application, an official from the correctional facility certified that plaintiff had $25.26 in his account at the time he filed the application and that plaintiff's average account balance during the previous six months was $70.

After reviewing plaintiff's application, the district court denied his request to proceed in forma pauperis unless he paid $60, one-half of the normal required filing fee. On appeal, plaintiff claims he cannot afford this reduced fee and has effectively been denied access to the courts. Plaintiff asks that we either waive the filing fee required by the district court or reduce it and allow him to make payments on it.

To succeed on a motion to proceed in forma pauperis, an appellant must first demonstrate an inability to pay the required filing fees. 28 U.S.C. § 1915(a); DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). This economic criterion is a threshold consideration before considering the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issue raised on appeal. See LaFevers v. Saffle, 936 F.2d 1117, 1120 (10th Cir. 1991). Here, it appears the district court considered only plaintiff's ability to pay the required filing fee and did not reach the issue of the relative merits of plaintiff's proposed complaint. Accordingly, we focus only on

2

this economic criterion as well.

Although the statute governing in forma pauperis proceedings, 28 U.S.C. § 1915, does not specifically address imposition of partial filing fees, all circuits that have addressed the question have concluded imposition of partial filing fees is an appropriate exercise of authority. See e.g., Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995); Clark v. Ocean Brand Tuna, 974 F.2d 48, 50 (6th Cir. 1992); In re Epps, 888 F.2d 964, 967 (2d Cir. 1989); Sellers v. United States, 881 F.2d 1061, 1062 (11th Cir. 1989); Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259-60 (7th Cir. 1987); In re Williamson, 786 F.2d 1336, 1339-41 (8th Cir. 1986); Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir. 1983); Smith v. Martinez, 706 F.2d 572, 574 (5th Cir. 1983); Evans v. Croom, 650 F.2d 521, 525 (4th Cir. 1981), cert. denied 454 U.S. 1153 (1982); In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971). As concluded by the Second Circuit, "[t]he discretion to waive prepayment of filing fees, conferred upon district judges by Section 1915, need not be exercised on an all-or-nothing basis. The power to waive the entire fee includes the power to waive a portion of it." Epps, 888 F.2d at 967. We agree and conclude imposition of partial filing fees is appropriate under 28 U.S.C. § 1915.

We now turn to the question of whether the partial fee imposed by the district court was appropriate. "District courts enjoy wide discretion in deciding whether a partial filing fee is fair and appropriate in a particular case." Sellers, 881 F.2d at 1062. We conclude the court did not abuse its discretion in requiring plaintiff to pay $60, one-half of the required filing fee. We further note that plaintiff's financial declaration dated January 8, 1996, and filed with this court, indicates he is presently employed within the detention center and earns $8 per month.

3

Plaintiff's motion to proceed in forma pauperis on appeal is GRANTED. We

AFFIRM the judgment of the district court. The mandate shall issue forthwith.

                                                    Entered for the Court

                                                    Mary Beck Briscoe
                                                    Circuit Judge