

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2009

# TCIF Reo CIT LLC v. Patricia Gray

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3598

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"TCIF Reo CIT LLC v. Patricia Gray" (2009). *2009 Decisions.* Paper 1764.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1764

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-78                                                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3598
_____

TCIF REO CIT, LLC

v.

PATRICIA R. GRAY;
T. BARRY GRAY;
ALL OCCUPANTS OF 141 7TH AVENUE

T. Barry Gray,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 08-cv-02766)
District Judge:  Honorable Edmund V. Ludwig

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 15, 2009
Before: MCKEE, FISHER and CHAGARES, Circuit Judges

(Opinion Filed: March 06, 2009 )
_____

OPINION
_____

PER CURIAM

        T. Barry Gray appeals the District Court's order denying his motion to proceed in

forma pauperis and dismissing the action for lack of subject-matter jurisdiction. In June 2008, Gray filed a motion to proceed in forma pauperis with a caption listing himself as a defendant and TCIF REO CIT, LLC as plaintiff. He did not describe any claims he wished to bring or explain whether he was attempting to remove an action from state court. The District Court denied Gray's motion to proceed in forma pauperis and dismissed the action for lack of subject-matter jurisdiction. Gray filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion to proceed in forma pauperis for abuse of discretion. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337 (1948); Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir. 1983). The District Court denied Gray's motion on the grounds that the action was legally frivolous. However, if the application is complete, the District Court should only consider whether the applicant is economically eligible. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). It is only after leave to proceed in forma pauperis has been granted that the analysis under 28 U.S.C. § 1915(e)(2)(B) is undertaken and a complaint may be dismissed as frivolous. Thus, we conclude that the District Court abused its discretion in denying the motion to proceed in forma pauperis.

Although the District Court noted that the motion to proceed in forma pauperis was filed without a complaint, it proceeded to assume that the case was based on a state court action in ejectment and determined that it lacked subject-matter jurisdiction.

2

Because the motion to proceed in forma pauperis was denied and no action had been filed, the question of subject-matter jurisdiction was not before the District Court. Moreover, a court should not dismiss a matter when it does not know the basis for the action.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily vacate the District Court's order and remand the matter for further proceedings. See Third Circuit I.O.P. 10.6. On remand, the District Court should give Gray an opportunity to state the factual and legal basis for his action and determine whether Gray is financially eligible to proceed in forma pauperis before undertaking an analysis pursuant to 28 U.S.C. § 1915(e)(2)(B).