OPINION
PER CURIAM.
T. Barry Gray appeals the District Court’s order denying his motion to proceed informa pauperis and remanding his civil action to the Court of Common Pleas of Delaware County. We will affirm in part, reverse in part, and remand the matter.
In June 2008, Gray filed a motion to proceed in forma pauperis with a caption listing himself as a defendant and TCIF REO CIT, LLC as plaintiff. He did not describe any claims he wished to bring or explain whether he was attempting to remove an action from state court. The District Court denied Gray’s motion to proceed in forma pauperis and dismissed the action for lack of subject-matter jurisdiction. On appeal, we vacated the District Court’s order and remanded the matter for the District Court to determine whether Gray was financially eligible to proceed in forma pauperis and to give Gray an opportunity to state the legal and factual basis for the action.
*765 On remand, the District Court directed Gray to provide a statement of the basis for federal jurisdiction. Gray argued that the District Court had jurisdiction under 28 U.S.C. §§ 1331, 1332, 1367, 1441(a), 1441(b), 1443, and 1446 and that the action could be removed to the District Court under §§ 1332, 1441(a), 1441(b), 1441(c), 1443, and 1446. He explained that the action was a ejectment civil suit in which Appellee alleged that Gray did not have the right to possess a piece of real property; Gray argued that removal under § 1443 was justified because his Fourteenth Amendment rights were being violated.
After describing Gray’s prior attempts to challenge state foreclosure proceedings, the District Court concluded that it lacked jurisdiction over the removed action under the doctrine of Rooker-Feldman[1] and that abstention was appropriate under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The District Court remanded the matter to the Court of Common Pleas of Delaware County, and Gray filed a timely notice of appeal.

Denial of motion to proceed informa pauperis

We first address the District Court’s denial of Gray’s motion to proceed in forma pauperis. The District Court denied the motion on the grounds that there was no basis upon which Gray could obtain relief. We review the denial of a motion to proceed in forma pauperis for abuse of discretion. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337, 69 S.Ct. 85, 93 L.Ed. 43 (1948); Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir.1983). However, if the application is complete, the District Court should only consider whether the applicant is economically eligible to proceed in forma pauperis. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir.1976). It is only after leave to proceed in forma pauperis has been granted that the analysis under 28 U.S.C. § 1915(e)(2)(B) is undertaken and a complaint may be dismissed as frivolous. See Deutsch v. United States, 67 F.3d 1080, 1085 n. 5 (3d Cir.1995); Roman v. Jeffes, 904 F.2d 192,194 n. 1 (3d Cir.1990). Thus, we again conclude that the District Court abused its discretion in denying the motion to proceed in forma pauperis on the grounds that Gray was not entitled to relief in federal court.
In his motion to proceed in forma pauperis filed in the District Court, Gray indicated that his income was approximately $741 per month and he was unable to meet his obligations for food, utilities, and medical needs. We believe that Gray is entitled to proceed in forma pauperis and will reverse the District Court’s order to the extent that it denied Gray’s motion to proceed in forma pauperis. We will remand the matter to the District Court for it to enter an order granting Gray’s motion to proceed informa pauperis.

Remand to the state court

An order remanding a case to the state court from which it was removed is generally not appealable. 28 U.S.C. § 1447(d). One exception is when the removal is based on 28 U.S.C. § 1443. Because Gray invoked § 1443, we have jurisdiction to review the District Court’s remand order to the extent that it denied removal pursuant to § 1443.
Section 1443(1) provides that an action may be removed if it is “[ajgainst any person who is denied or cannot enforce in the courts of such State a right under any *766 law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.” We have held that the civil rights removal statute is a narrow exception to the rule that state court actions may be removed to federal district court only if federal jurisdiction is evident on the face of plaintiffs well-pleaded complaint. See Davis v. Glanton, 107 F.3d 1044 (3d Cir.1997). The Supreme Court has articulated the precise circumstances required to sustain removal under § 1443(1), clarifying that removal requires satisfaction of a two-prong test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law “providing for ... equal civil rights; and (2) that he is “denied or cannot enforce that right in the courts” of the state. State of Georgia v. Rachel, 384 U.S. 780, 788, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).
In the District Court and on appeal, Gray argues only that his Fourteenth Amendment rights have been violated. This conclusory allegation is insufficient to support removal under § 1443. Because we find § 1443 inapplicable, Gray is not entitled to any further review of the District Court’s order of removal.
Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court’s order as to the denial of removal, summarily reverse the District Court’s order as to its denial of the infovma pauperis motion, and remand the matter for the District Court to enter an order granting Gray’s motion to proceed in forma pauperis. See Third Circuit I.O.P. 10.6.

. The Rooker-Feldman doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923).