**CLD-088**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2758
_____

RENE D. EDWARDS,
                                   Appellant

v.

THE HILLMAN GROUP COMPANY FOR SOUTH WOODS
STATE PRISON COMBINATION PADLOCKS;
MARCUS O. HICKS, Esq., (Commissioner);
WARDEN CHRISTOPHER HOLMES;
HON NOEL L. HILLMAN, U.S.D.J. of Camden;
THE HILLMAN GROUP COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 3:19-cv-22214)
District Judge:  Honorable Anne E. Thompson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 4, 2021

Before: RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 1, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant René D. Edwards appeals from the District Court's order dismissing his complaint. For the reasons that follow, we will affirm the District Court's judgment.

In December 2019, Edwards filed a complaint in the District Court bringing federal civil rights claims. He alleged that defendants Commissioner Marcus O. Hicks, Warden Christopher Holmes, Lieutenant Joel Taylor, and the Hillman Group Company violated his civil rights based on their alleged conduct related to assaults on Edwards by his cellmate in prison between 2011 and 2012. He also alleged that Judge Noel L. Hillman, the judge who presided over a civil rights action that Edwards brought against several of the other defendants in 2013, violated his civil rights in the course of that case. The case concluded in April 2018.

Edwards sought appointment of counsel early in this matter, which was denied because he was not proceeding in forma pauperis ("IFP"). After Edwards filed certificates of service, the District Court issued two orders directing Edwards to show that he had properly and timely served all defendants, or otherwise to show good cause for failing to properly serve them. The Hillman Group filed a motion to dismiss, to which Edwards did not respond. Edwards responded to one of the District Court's service orders by re-filing his prior certificate of service and asserting that he had properly completed service on Judge Hillman. Edwards also filed another motion for appointment of counsel, a motion for a refund of the filing fee that he had paid when he filed his complaint, and an IFP application.

In August 2020, without appointing counsel for Edwards, the District Court

2

dismissed his claims against all defendants except for the Hillman Group under Rule of Civil Procedure 4(m). The District Court then dismissed Edwards' claims against the Hillman Group for failure to state a claim and denied him leave to amend. The District Court also denied Edwards' requests for a refund of his filing fee and to proceed IFP. Edwards timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's dismissal of Edwards' claims. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). We review a dismissal for failing to timely complete service under Rule 4(m) for abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) (Rule 4(m). We also review the denial of a motion to proceed IFP for abuse of discretion. See Bullock v. Suomela, 710 F.2d 102,

---

[1] A dismissal for failure to serve must be without prejudice, see Fed. R. Civ. P. 4(m), and a without-prejudice dismissal generally is neither final nor appealable, see Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). However, a dismissal under Rule 4 is final, and thus appealable, where the expiration of the statute of limitations would preclude an appellant from refiling the complaint. See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.4 (3d Cir. 1987). Because Edwards' federal civil rights claims against all defendants stem from conduct that ended at the latest when his 2013 civil rights case concluded in April 2018, more than two years ago, they would now be time-barred. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (explaining that "[a] section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims," which in New Jersey is two years); King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 913 (7th Cir. 2000) ("We determine the statute of limitations for [actions pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)] as we determine the statute of limitations for § 1983 actions."); see also N.J. Stat. Ann. § 2A:14–2. Accordingly, appellate jurisdiction over the dismissal of Edwards' claims against Hicks, Holmes, Taylor, and Judge Hillman is proper under Green.

3

103 (3d Cir. 1983). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

First, the District Court did not abuse its discretion in dismissing Edwards' claims against Hicks, Holmes, Taylor, and Judge Hillman rather than extending the time for service. Rule 4(m) provides that a District Court must dismiss a complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 90 days after the filing. See Fed. R. Civ. P. 4(m). A District Court must extend the time for service where a plaintiff demonstrates good cause for the failure to timely serve a defendant. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). "If . . . good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

For defendants Hicks, Holmes, and Taylor, Edwards filed certificates of service indicating that he had attempted service by mail. Subject to limited exceptions that are inapplicable here, Rule 4(e) of the Federal Rules of Civil Procedure does not authorize service of original process by mail; it requires that a plaintiff personally serve a defendant or "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Edwards did not respond to the District Court's order asking him to clarify whether he had

4

properly served each defendant or whether there was good cause to extend the time for service.

Further, personal service is the "primary method of obtaining in personam jurisdiction over a defendant" in New Jersey. See N.J. Ct. R. 4:4-4(a). The New Jersey rules provide for "optional mailed service" by registered or certified mail in lieu of personal service, but "such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto," see N.J. Ct. R. 4:4-4(c), and these defendants did not appear or respond to Edwards' complaint. Finally, New Jersey permits service by certified mail if "personal service cannot be effected after a reasonable and good faith attempt," see N.J. Ct. R. 4:4-3, but Edwards has demonstrated no attempt to personally serve these defendants and provided no explanation for attempting to serve them solely by mail.

Regarding Judge Hillman, Edwards had to effect service on the United States, in compliance with Rule 4(i) of the Federal Rules of Civil Procedure, which governs service in a suit against a federal officer or employee. The District Court notified Edwards after he submitted certificates of service that he had not complied with Rule 4(i) in serving Judge Hillman and gave Edwards 30 days to show that he properly completed service or to show good cause for failing to effect proper service. Despite the District Court's instruction that Edwards must comply with Rule 4(i), he did not do so, and he did not explain why he failed to serve the United States in compliance with that rule, instead arguing that he had already properly completed service. Edwards' lack of understanding of the requirements of Rule

5

4(i), even after the District Court pointed him to that rule, is not good cause for his lack of proper service. See Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996). Because Edwards did not properly serve Hicks, Holmes, Taylor, and Judge Hillman within the deadline set out by Rule 4 or establish good cause to extend the time for service despite notice by the District Court, the District Court did not abuse its discretion in dismissing Edwards' claims against them. See Constien v. United States, 628 F.3d 1207, 1217 (10th Cir. 2010).

The District Court also properly dismissed Edwards' remaining claims against the Hillman Group. Edwards generally alleged that the Hillman Group sells combination locks; that his cellmate used a combination padlock as a weapon against him when he was assaulted; and that the distributor of the padlock should be held responsible. As the District Court explained, Edwards made the same allegations against the Hillman Group in a 2018 action. Edwards' claims were dismissed; he was permitted to file an amended complaint, but he did not do so. Edwards makes no specific allegations connecting the Hillman Group to his assault, or to support his theory of recovery, such that he could state a claim for relief. Cf. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs"). The District Court did not abuse its discretion in denying Edwards leave to amend his complaint where he had previously been given an opportunity to clarify his allegations in a prior action and chose not to do so. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

6

Finally, the District Court did not abuse its discretion in denying Edwards' motion for a refund of his filing fee and his application to proceed IFP. As relevant here, under 28 U.S.C. § 1915(a), a court "may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits" appropriate documentation of an inability "to pay such fees." No section of § 1915 authorizes the refund of fees after a litigant has paid them; rather, an application to proceed IFP may be filed at the commencement of an action.[2] See also 28 U.S.C. § 1914(a) (authorizing the clerk of each district court to "require the parties instituting any civil action . . . to pay a filing fee"). The District Court thus acted within its discretion in denying Edwards' motion and his application.[3]

For these reasons, we will summarily affirm the District Court's judgment.

---

[2] Edwards has also never alleged that he paid his filing fee in error. Cf. Torres v. O'Quinn, 612 F.3d 237, 251-52 (4th Cir. 2010) (explaining that "federal courts plainly and unmistakably have the power to refund a litigant's payment of an excessive or mistaken filing fee to a litigant"), abrogated on other grounds by Bruce v. Samuels, 577 U.S. 82 (2016).

[3] Although the District Court declined to appoint counsel without directly addressing Edwards' second request for appointment of counsel, in the dismissal decision, the District Court mentioned Edwards' first motion for appointment of counsel, which a Magistrate Judge appropriately denied after concluding that Edwards was not proceeding IFP to be eligible for appointment of counsel. We discern no error in this determination; Edwards remained ineligible for appointment of counsel after the District Court denied his motion to proceed IFP. See 28 U.S.C. § 1915(e)(1).