CLD-087                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2753
_____

RENE D. EDWARDS,
                                    Appellant

v.

HON NOEL L. HILLMAN, U.S.D.J. of Camden;
HARTMAN LAW OFFICE;
KATHERINE D. HARTMAN, Esq.;
MARK A. GULBRANSON, Esq.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 3:19-cv-22216)
District Judge:  Honorable Anne E. Thompson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 4, 2021

Before: RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed March 1, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant René D. Edwards appeals from the District Court's order dismissing his complaint. For the reasons that follow, we will affirm the District Court's judgment.

In December 2019, Edwards filed a complaint in the District Court bringing federal civil rights claims and claims under state law. He alleged that the attorneys who represented him in a 2013 civil rights action — Mark A. Gulbranson, Katherine D. Hartman, and the Hartman Law Office — acted negligently in the course of their representation. He also alleged that the judge who oversaw his case, Noel L. Hillman, violated his civil rights. That case concluded in April 2018.

After Edwards filed certificates of service, the District Court issued an order directing Edwards to show that he had properly and timely served Judge Hillman, or otherwise to show good cause for failing to properly serve Judge Hillman. The remaining defendants filed a motion to dismiss. Edwards did not respond to the motion to dismiss. He responded to the District Court's service order by re-filing his prior certificate of service and asserting that he had properly completed service. Edwards also filed a motion for appointment of counsel, a motion for a refund of the filing fee that he had paid when he filed his complaint, and an application to proceed in forma pauperis ("IFP"). In August 2020, the District Court dismissed Edwards' federal claims against Judge Hillman under Federal Rule of Civil Procedure 4(m) because Edwards never served the United States as required by Federal Rule of Civil Procedure 4(i). The District Court then declined to exercise supplemental jurisdiction over Edwards' remaining state law claims against his

former attorneys. The District Court also denied Edwards' requests for appointment of counsel, a refund of his filing fee, and IFP status. Edwards timely appealed; he seeks the appointment of counsel on appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We review both a dismissal for failing to timely complete service under Rule 4(m) and a district court's decision not to exercise supplemental jurisdiction over state law claims for abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) (Rule 4(m)); Maher Terminals, LLC v. Port Auth. of N.Y. & N.J., 805 F.3d 98, 104 (3d Cir.

---

[1] A dismissal for failure to serve must be without prejudice, see Fed. R. Civ. P. 4(m), and a without-prejudice dismissal generally is neither final nor appealable, see Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). However, a dismissal under Rule 4 is final, and thus appealable, where the expiration of the statute of limitations would preclude an appellant from refiling the complaint. See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.4 (3d Cir. 1987). Because Edwards' federal civil rights claims against Judge Hillman stem from conduct that ended when his prior case concluded in April 2018, more than two years ago, they would now be time-barred. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (explaining that "[a] section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims," which in New Jersey is two years); King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 913 (7th Cir. 2000) ("We determine the statute of limitations for [actions pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)] as we determine the statute of limitations for § 1983 actions."); see also N.J. Stat. Ann. § 2A:14–2. Accordingly, appellate jurisdiction over the dismissal of Edwards' federal claims is proper under Green. Also, in declining to exercise supplemental jurisdiction, the District Court dismissed Edwards' remaining claims "without prejudice, as there has been no adjudication on the merits." See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). Because Edwards cannot cure the lack of original subject matter jurisdiction without changing his cause of action, Borelli does not preclude our review. See Borelli, 532 F.2d at 951; cf. Pa. Family Inst., Inc. v. Black, 489 F.3d 156, 162 (3d Cir. 2007) (per curiam) ("Borelli does not apply 'where the district court has dismissed based on justiciability and it appears that the plaintiffs could do nothing to cure their complaint.'") (citation omitted).

3

2015) (supplemental jurisdiction). We also review the denial of an IFP motion for abuse of discretion. See Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir. 1983). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

First, the District Court did not abuse its discretion in dismissing Edwards' federal claims against Judge Hillman rather than extending the time for service. Rule 4(m) provides that a District Court must dismiss a complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 90 days after the filing. See Fed. R. Civ. P. 4(m). A District Court must extend the time for service where a plaintiff demonstrates good cause for the failure to timely serve a defendant. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). "If . . . good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

Under Rule 4(i) of the Federal Rules of Civil Procedure, a plaintiff suing a federal officer or employee must serve the United States to properly effect service. The District Court notified Edwards after he submitted certificates of service that he had not complied with Rule 4(i) in serving Judge Hillman and gave Edwards 30 days to show that he properly completed service or to show good cause for failing to effect proper service. Despite the District Court's instruction that Edwards must comply with Rule 4(i), he did not do so, and

he did not explain why he failed to serve the United States in compliance with that rule, instead arguing that he had already properly completed service. Edwards' lack of understanding of the requirements of Rule 4(i), even after the District Court pointed him to that rule, is not good cause for his lack of proper service. See Tuke v. United States, 76 F.3d 155, 156 (7th Cir. 1996). Because Edwards did not properly serve Judge Hillman within the deadline set out by Rule 4 or establish good cause to extend the time for service despite notice by the District Court, the District Court did not abuse its discretion in dismissing Edwards' claims against Judge Hillman. See Constien v. United States, 628 F.3d 1207, 1217 (10th Cir. 2010).

The District Court also did not abuse its discretion in declining to exercise supplemental jurisdiction over Edwards' remaining state law claims after his federal claims were dismissed. "A court may [dismiss state law claims] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction."[2] Doe v. Mercy Catholic Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017).

Finally, the District Court did not abuse its discretion in denying Edwards' motion for a refund of his filing fee and his IFP application. As relevant here, under 28 U.S.C. § 1915(a), a court "may authorize the commencement . . . of any suit . . . without

---

[2] As noted previously, Edwards' state law claims were dismissed without prejudice to his pursuing them in state court. See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (explaining that § 1367(d) provides that the limitation period for state law claims is tolled while those claims are pending in federal court). We do not comment on the merit or timeliness of the claims.

5

prepayment of fees . . . by a person who submits" appropriate documentation of an inability

"to pay such fees." No section of § 1915 authorizes the refund of fees after a litigant has

paid them; rather, an application to proceed IFP may be filed at the commencement of an

action.[3] See also 28 U.S.C. § 1914(a) (authorizing the clerk of each district court to

"require the parties instituting any civil action . . . to pay a filing fee"). The District Court

thus acted within its discretion in denying Edwards' motion and application.[4]

For these reasons, we will summarily affirm the District Court's judgment.

---

[3] Edwards has also never alleged that he paid his filing fee in error. Cf. Torres v. O'Quinn, 612 F.3d 237, 251-52 (4th Cir. 2010) (explaining that "federal courts plainly and unmistakably have the power to refund a litigant's payment of an excessive or mistaken filing fee to a litigant"), abrogated on other grounds by Bruce v. Samuels, 577 U.S. 82 (2016).

[4] We also discern no error in the District Court's denial of Edwards' request for appointment of counsel after appropriately concluding that he had not submitted sufficient information for the District Court to weigh the relevant factors pursuant to Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993). We deny Edwards' pending motion for appointment of counsel. See Tabron, 6 F.3d at 157-58.