**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3533
_____

LAVON CECIL SMITH,
                                        Appellant

v.

SUPERINTENDENT JAMIE LUTHER; CHAD WAKEFIELD, Deputy Superintendent;
DR. D DOLL'S SMITHFIELD MEDICAL DEPARTMENT; PERRIGO PIC (R)
MANUFACTURING: CLAY; DIAMOND PHARMACY SERVICES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-01621)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 17, 2021

Before:  RESTREPO, PHIPPS and COWEN, Circuit Judges

(Opinion filed: January 19, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In the District Court, pro se appellant Lavon Smith filed a civil rights complaint and sought to proceed in forma pauperis (IFP). The District Court, observing that Smith had just under $600 in his prison account as well as a steady, albeit modest, stream of income, concluded that Smith was not financially eligible to proceed IFP and denied the motion (as well as a subsequent request for reconsideration). When Smith did not pay the filing and administrative fees by the deadline prescribed by the District Court, the Court dismissed the action. Smith appealed. We will affirm.[1]

First, in his appellate brief, Smith has not raised any challenges to the District Court's IFP decision or dismissal order. He has therefore forfeited any arguments that he might have. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) ("[B]ecause they fail to develop [two] argument[s] in their opening brief, the Court holds that the [appellants] have forfeited these claims."); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").[2]

Even if Smith had not forfeited any challenges to the District Court's order, the District Court acted within its discretion. "In this Circuit, leave to proceed in forma pauperis is based on a showing of indigence." Deutsch v. United States, 67 F.3d 1080,

---

[1] We have jurisdiction under 28 U.S.C. § 1291. See Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004).

[2] Smith argues in his brief only that he "never received a Court order" and that "the facts have never been adjudicated." However, Smith attached all of the relevant orders to his notice of appeal.

1084 n.5 (3d Cir. 1995); see also Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). While paying the filing and administrative fees would not have left Smith with a large amount of savings, in light of his prison income and the gifts he receives, we cannot say that the District Court abused its discretion in concluding that Smith was not entitled to proceed IFP. See generally Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir. 1983).

Moreover, the District Court did not err in dismissing the action without prejudice after Smith failed to make payment. Cf. 3d Cir. L.A.R. 107.2 (providing that Clerk of this Court may dismiss appeal for failure to prosecute if appellant does not pay fees within 14 days of notice); In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d Cir. 1996) (stating that after plaintiff failed to replead after being directed to do so, "it is difficult to conceive of what other course the court could have followed" apart from dismissing the complaint (citation and quotation marks omitted)).

Accordingly, we will affirm the District Court's judgment.