**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2949
_____

PALANI KARUPAIYAN; P.P.; R.P.,

Appellants

v.

TOWNSHIP OF WOODBRIDGE; STATE OF NEW JERSEY;
UNITED STATES OF AMERICA; UNION OF INDIA;
OFFICER GANDHI, 5038, individually and in his official
capacity as Parking enforcement officer of Woodbridge;
WOODBRIDGE POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-21-cv-19737)
District Judge:  Honorable Esther Salas
_____

Submitted for Possible Dismissal under 28 U.S.C. § 1915(e)(2)
or Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2023

Before: KRAUSE, PORTER, and AMBRO, <u>Circuit Judges</u>

(Opinion filed February 23, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Palani Karupaiyan appeals from the District Court's order entered in August 2022 disposing of three motions. For the following reasons, we will affirm.

Karupaiyan filed a complaint in District Court alleging disparate claims against the State of New Jersey, the United States, the "Union of India," the Township of Woodbridge, New Jersey, and other Woodbridge-related defendants. He sought to proceed in forma pauperis. By letter order in December 2021, the District Court dismissed the complaint because, among other things, immunity doctrines deprived the court of jurisdiction over his claims against certain defendants and the complaint failed to state a claim, see 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court provided Karupaiyan with the option to amend his complaint as to the Woodbridge defendants, but he did not do so and instead filed several post-judgment motions and a notice of appeal. The District Court denied those motions, and we ultimately affirmed the District Court's rulings. See C.A. No. 21-3339 (judgment entered May 3, 2022).

While his appeal was pending, Karupaiyan filed three more motions in the District Court: for leave to appeal in forma pauperis (ECF No. 16), for a stay "for the United States/President Biden nominate/appoint US Supreme Court Justices" (ECF No. 17), and for an emergency protective order against Woodridge Township to prevent his arrest (ECF No. 18). After we issued the mandate as to his appeal, the District Court denied the three motions.

We review the denial of these post-judgment motions for an abuse of discretion. See Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir. 1983); Pyrotechnics Mgmt., Inc. v.

2

XFX Pyrotechnics LLC, 38 F.4th 331, 335 (3d Cir. 2022).[1]  An abuse of discretion may follow from an erroneous legal interpretation, improper application of law to fact, or clearly erroneous finding of fact.  See McDowell v. Phila. Hous. Auth., 423 F.3d 233, 238 (3d Cir. 2005).  We discern no issues of that kind here.  As the District Court decided, Karupaiyan's motion for in forma pauperis status on appeal was clearly rendered moot by the resolution of that appeal in May 2022.  We also agree with its conclusion that Karupaiyan's concerns raised about the appointment of U.S. Supreme Court justices merely duplicated arguments he made earlier in his complaint, reconsideration motion, and on appeal.  See D. Ct. ECF No. 1 at 12-14, 27; No. 11 at 9-10; C.A. No. 21-3339, 3d Cir. ECF No. 17; see generally D. Ct. ECF No. 4 (Letter Order); D. Ct. ECF No. 14 (Order denying post-judgment motions); C.A. No. 21-3339, 3d Cir. ECF No. 26 (Mandate and Opinion).  Finally, the District Court did not abuse its discretion in denying the motion for a protective order because Karupaiyan failed to comply with Federal Rule of Civil Procedure 65(b)(1)(A), let alone explain how the District Court had the authority to prevent the execution of a local arrest warrant in the first place.

Accordingly, we will affirm the order of the District Court.  Karupaiyan's motions for relief in this Court are denied.[2]

---

[1] We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and will summarily affirm if the appeal does not present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

[2] As in his previous appeals, Karupaiyan seeks to represent his minor children, but as we have explained, a pro se litigant who is not an attorney may not do so.  See Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991).